[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT (123)
The parties' marriage was dissolved on October 25, 2000 at which time the court incorporated their written agreement m the judgment. The plaintiff agreed to transfer of assets in the amount of $65,000 to the defendant within sixty days of judgment. He was allowed to: CT Page 8812-r
 ". . . .transfer any (emphasis in original) non taxable assets. . . . except funds held in a pension plan or via. . . . a Qualified Domestic Relations order. . . ."
The plaintiff has attempted to satisfy this obligation by transferring an IRA account containing $58,545.19 and tendering a check for the balance. The plaintiff has paid no income taxes on the IRA but when he or the defendant withdraws from the IRA an income tax liability will accrue, and perhaps an additional penalty. The IRA is not a non-taxable asset and is little different from either an auto valued at $65,000 with a lien for a loan balance or a mortgaged parcel of real estate. This court funds the agreement unambiguous. He is obliged to give the defendant of $65,000 free from any tax liability.
The court refrains from finding the plaintiff in contempt at this time since his attorney made a resourceful but unsuccessful argument that only the transfer need be tax free. The plaintiff is ordered to comply with paragraph 4.3 of the judgment by August 15, 2001. This matter is recessed to August 20, 2001 for determination of compliance.
So Ordered.
 _____________________________ HARRIGAN, JUDGE TRIAL REFEREE